UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>MARK DAVID HOLSTEIN,<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:24-cr-00049-LK<br><br>ORDER CONTINUING TRIAL |

　　　　This matter comes before the Court on Defendant Mark Holstein's Unopposed Motion to Continue Trial and Extend Pretrial Motions Deadline. Dkt. No. 17. Trial in this matter is currently set for April 7, 2025, Dkt. No. 8, and Mr. Holstein seeks to continue it to January 26, 2026, Dkt. No. 17 at 1. The Government does not oppose the continuance. *Id.* For the reasons explained below, the Court grants the motion.

　　　　Mr. Holstein is charged by indictment with one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Dkt. No. 1 at 1–2. As noted, his current trial date is April 7, 2025, and pretrial motions are due on March 7. Dkt. No. 8.

According to Mr. Holstein's counsel, the Government recently provided discovery on February 19, 2025, and he requires additional time to review that discovery. Dkt. No. 17 at 1. He also requests more time to "investigate the allegations, address legal issues, research pretrial motions, obtain records, continue plea negotiations with the government, and explain potential plea, trial, or sentencing consequences with Mr. Holstein," particularly because "[a]s charged, Mr. Holstein faces a ten-year mandatory minimum." *Id.* at 1–2.

Given both defense counsel's and the Government's trial schedules—and the assigned Government attorney's forthcoming family leave— the first available date for the rescheduled trial is in January 2026. *Id.* at 2. Mr. Holstein agrees to the continuance and has waived his rights to a speedy trial through February 26, 2026. Dkt. No. 18.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Holstein in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary to review discovery, consider proper defenses, confer with his client, and prepare for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay, considering the schedules of both defense and Government counsel, and is necessary to provide counsel and Mr. Holstein sufficient time for the above-listed tasks.

For these reasons, the Court GRANTS the motion, Dkt. No. 17, and ORDERS that the trial date be continued to January 26, 2026, and the pretrial motions deadline be extended to December 15, 2025.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Holstein's trial must commence under the Speedy Trial Act.

Dated this 11th day of March, 2025.

Lauren King
United States District Judge

ORDER CONTINUING TRIAL - 3